TRISHA G. LAMOURINE and ROBERT D. LAMOURINE, Plaintiffs Below, Appellants,
v.
MAZDA MOTOR OF AMERICA, INC., a corporation of the State of California, and HERTRICH FAMILY OF AUTOMOBILE DEALERSHIPS, INC., D/B/A HERTRICH'S CAPITOL, a corporation of the State § of Delaware, Defendants Below, Appellees.
No. 14, 2009
Supreme Court of Delaware
Submitted: August 19, 2009
Decided: August 28, 2009
Before STEELE, Chief Justice, BERGER and JACOBS, Justices.

ORDER
Jack B. Jacobs, Justice.
This 28th day of August 2009, upon consideration of the briefs of the parties and the record in this case, it appears to the Court that:
1. Trisha and Robert Lamourine appeal from a Superior Court judgment denying their motion for pre-judgment interest and reducing their attorneys' fees award in connection with their revocation of the purchase of a defective automobile. The Lamourines entered into a settlement with the dealer and the manufacturer of their car. The settlement involved surrendering the defective car in exchange for the return of the purchase price, with the Lamourines reserving the right to seek an award of pre-judgment interest and attorneys' fees. The Lamourines claim that the Superior Court erred in denying pre-judgment interest from the date of sale rather than from the date the car was returned to the dealer. We find that the settlement agreement to be the controlling source of law, and that because the defendants paid settlement monies to the Lamourines in accordance with the settlement agreement, the Superior Court correctly concluded that no pre-judgment interest accrued. Because the Lamourines' attorney's efforts to obtain pre-judgment interest resulted in no recovery for his clients, the Superior Court properly reduced the Lamourines' request for attorneys' fees. Accordingly we affirm.
2. On September 27, 2003, the Lamourines purchased a 2004 Mazda RX8 (the "car") for $39,349 from Hertrich Family of Automobile Dealerships, Inc. ("Hertrich") in Dover, Delaware. Hertrich, a Delaware corporation, is an authorized dealer of Mazda Motor of America, Inc. ("Mazda"). The Lamourines paid $1,000 down, and financed the balance of the purchase price through WFS Financiala six year loan at 7.9% with monthly payments of $672.71.
3. On May 22, 2004, the Lamourines took the car to Hertrich, because the "check engine" light was on. At that time the car had 25,260 miles on its odometer and the Lamourines reported that the car would "buck" and "hesitate." The Lamourines brought the car in to Hertrich for service five timesfor repairs involving a total "downtime" of 38 daysduring the first year they owned it. None of the repairs solved the problem.
4. In February 2005, the Lamourines informed Hertrich that they intended to revoke their purchase of the car. They requested either a replacement automobile or their money back. Hertrich promised that a Mazda representative would come to inspect the car, but no one ever did. On August 5, 2005, the Lamourines sent a demand letter to Hertrich and Mazda, reiterating their revocation of the sale of the car under both the Uniform Commercial Code ("UCC")[1] and the Delaware "Lemon Law."[2] Receiving no response from either Mazda or Hertrich, the Lamourines filed a Superior Court complaint alleging breaches of the Lemon Law and express and implied warranties under the UCC;[3] violations of the Magnuson Moss Warranty Act;[4] consumer fraud;[5] and deceptive trade practices.[6] The Lamourines sought the return of the purchase price, plus pre-judgment interest and attorneys' fees.
5. After an arbitration hearing on January 4, 2006, an arbitrator awarded the Lamourines $59,776.87, consisting of the purchase price (plus incidental costs, such as taxes, title fees, financing fees and interest on the car loan), pre-judgment interest and substantial attorneys' fees. The defendants objected to the arbitrator's award of pre-judgment interest and attorneys' fees, and demanded a trial de novo.
6. Before the Superior Court the parties stipulated certain factsthe repair history of the car, the Lamourines' purchase price and their out-of-pocket expenses, and an allowance for use to the defendants. The Lamourines then moved for summary judgment on their claim of entitlement to pre-judgment interest and attorneys' fees. On August 28, 2006, the Superior Court concluded that the pre-judgment interest and attorneys' fees issues were not ripe for judgment without a prior determination of the defendants' underlying liability.[7]
7. On October 18, 2006, the defendants made a settlement offer for $38,254.12, i.e., full repayment of the purchase priceincluding taxes, title fees, financing costs and interest paymentsless a use allowance. On November 15, 2006, the Lamourines accepted the settlement offer. In the settlement, the Lamourines executed a general release of all their claims against the defendants. The defendants did not admit any wrongdoing or liability, and the settlement agreement specifically provided that the Lamourines could prosecute their claim for pre-judgment interest and attorneys' fees. On December 7, the Lamourines returned the car to Hertrich and received their settlement payment that same day.
8. On May 29, 2007, the Superior Court denied the Lamourines' motion for pre-judgment interest. On December 29, 2008, the court issued an order partially granting the Lamourines' motion for attorneys' fees. Although the Lamourines originally sought $26,642.70 in attorneys' fees, they reduced their request to $19,911 after the Superior Court ordered plaintiffs' counsel to exclude the time expended on the motion for pre-judgment interest. The Superior Court ultimately awarded the Lamourines attorneys' fees of $10,265.50. The Lamourines appeal from those Superior Court orders.
9. The Superior Court made two legal rulings. First, the court denied the Lamourines' motion for pre-judgment interest. Second, the court substantially reduced the Lamourines' request for attorneys' fees. The court found that although the Lamourines were entitled to pre-judgment interest, that interest accrued only from the date the Lamourines effectively revoked their acceptance of the salei.e., the date they returned the car to Hertrich. Because the Lamourines received payment on the same date they returned the car, no pre-judgment interest accrued.
10. Regarding attorneys' fees, before granting the Lamourines' motion, the Superior Court ordered counsel to reduce the amount of the fee request, to exclude time spent working on the pre-judgment interest motion, because that effort did not result in any recovery. The Superior Court then further reduced the Lamourines' ultimate fee award by excluding some of the time counsel spent on clerical matters, and by adjusting the fee award downward because, in the judge's view, counsel could have handled the case more efficiently.
11. On appeal, the Lamourines advance three reasons why the Superior Court erred in determining that pre-judgment interest runs from the date of effective revocation of the sales contract, rather than from the date of sale. First, the Lamourines contend that pre-judgment interest is a matter of right under Delaware law, and that right accrues from the date payment becomes due to the plaintiff, which is the date that the underlying cause of action accrues; and that a cause of action for breach of warranty under the Lemon Law and the UCC accrues on the date of sale. Second, the Lamourines argue that even if pre-judgment interest runs from the date of revocation, the Superior Court erred in determining that revocation occurred at the time they returned the car to Hertrich rather than the date that they notified Hertrich of their intent to revoke. Third, they claim that because they were found to be entitled to pre-judgment interest, the court erred by excluding from the fee award the time spent litigating the pre-judgment interest issue.
12. In response, Mazda and Hertrich argue that the Superior Court correctly determined that pre-judgment interest accrues from the date that payment to the plaintiffs should have been made. Specifically, the defendants contend that: (i) the settlement agreement governs when payment should be made, and that because payment was made in accordance with the settlement agreement, the Lamourines were not entitled to pre-judgment interest; and (ii) if the Lamourines were entitled to pre-judgment interest, that interest did not begin to run until the Lamourines effectively revoked (i.e., returned the car). In addition, the defendants argue that because the defendants were not entitled to recover any pre-judgment interest, the Superior Court properly eliminated from the award of attorneys' fees any credit for lawyer time spent on the pre-judgment interest question.
13. These contentions raise four issues. First, were the Lamourines entitled to pre-judgment interest where there was no judicial determination of breach and no admission of liability in the settlement agreement? Second, did pre-judgment interest begin to run from the date of sale or from the date of revocation? Third, if pre-judgment interest runs from the date of revocation, when did revocation occurwhen the Lamourines gave notice or when they actually returned the car? Fourth, are the Lamourines entitled to an award of additional attorneys' fees?[8]
14. Because the first issuewhether the settlement agreement is the source of the defendants' legal obligation to payis outcome determinative, we address only that issue and the Lamourines request for additional attorneys' fees. Although neither the UCC nor the Lemon Law addresses the availability of pre-judgment interest, under Delaware case law, pre-judgment interest is a matter of right.[9] The determination of when pre-judgment interest begins to accrue presents a question of law that we review de novo.[10]
15. The Superior Court determined that: (a) neither the UCC nor the Lemon Law expressly provides for pre-judgment interest; (b) the Lamourines had a qualified right to pre-judgment interest; (c) pre-judgment interest began to run from the date the car was returned to Hertrich; and (d) because the defendants paid the settlement monies to the Lamourines on the same date the car was returned, no pre-judgment interest accrued. Although the Superior Court did not explicitly address whether settling plaintiffs may recover pre-judgment interest, the court implicitly determined that pre-judgment interest was available to settling plaintiffs.
16. The defendants contend that under the settlement agreement, they are not liable for any pre-judgment interest. Pre-judgment interest accrues from the time the obligation to pay arises,[11] and because the defendants paid the Lamourines on the same date the car was returned (in accordance with the settlement agreement), no pre-judgment interest could have accrued.
17. More specifically, the defendants' argument runs as follows: if interest accrues only where there is an "obligation to pay," and if the settlement agreement superseded the parties' rights and duties under the UCC and the Lemon Law (by substituting therefore the parties' rights and duties under the settlement agreement), then the source of the defendants' obligation to pay is the settlement agreement.[12] On that basis, the defendants would not be liable for any pre-judgment interest, because they paid in accordance with the settlement agreement.
18. The settlement agreement reserved the Lamourines' right to pursue pre-judgment interest and the defendants have not cross-appealed the Superior Court's ruling that the Lamourines were entitled to pre-judgment interest following effective revocation under the UCC. Those facts do not, however, preclude a legal determination that the settlement agreement was the source of the defendants' obligation to pay. All that the Lamourines reservation of their right to prosecute claims for pre-judgment interest and attorneys' fees preserved was their ability to seek a Superior Court adjudication of those claims. The defendants never admitted that the Lamourines were entitled to an award of pre-judgment interest. Because the settlement agreement was the source of the defendants' obligation to pay, and the defendants paid the settlement monies to the Lamourines in accordance with that agreement, it follows that no pre-judgment interest could have accrued.
19. Nor did the defendants' failure to cross-appeal waive their argument that the settlement agreement was the controlling source of their obligation to pay. "An appellee may raise any defense on appeal in support of the order being appealed without raising it on a cross-appeal as long as the defense does not have a view towards enlarging appellee's rights or lessening appellant's rights under the decree."[13] The Superior Court determined that (i) interest accrued from the date of effective revocation, i.e., when the car was returned, and (ii) under the settlement agreement, interest would accrue from the date the car was returned to Hertrich. A determination that the settlement agreement controls would neither enlarge nor lessen the rights of either party under the Superior Court's order.
20. The settlement agreement specifically provides that the Lamourines will convey to the defendants clear title to the car in exchange for the settlement monies. Therefore, when the Lamourines returned the car to Hertrich, they were not "revoking" their purchase under the UCC. Rather, they were providing the defendants with the consideration the parties had bargained for under the settlement agreement.
21. Finally, we address the attorneys' fees issue. The Superior Court ordered the Lamourines' counsel to reduce their request for attorneys' fees by eliminating any time spent litigating the pre-judgment interest motion, because that effort did not result in any recovery. On appeal, the Lamourines argue that they are entitled to an increase in attorneys' fees, should we determine that they are entitled to recover pre-judgment interest. Because we conclude (as did the Superior Court) that the Lamourines are not entitled to recover pre-judgment interest, it follows that they are not entitled to an increase in attorneys' fees.
NOW, THEREFORE, IT IS ORDERED that the judgment of the Superior Court is AFFIRMED.
NOTES
[1] See 6 Del. C. § 2-608 ("Revocation of Acceptance in Whole or in Part").
[2] See 6 Del. C. § 5003 ("Remedies upon Failure to Repair").
[3] See 6 Del. C. §§ 2-313 (Express warranties); 2-314 (Implied warranty of merchantability); 23-15 (Implied warranty of fitness for a particular purpose).
[4] 15 USC § 2301 et. seq.
[5] 6 Del. C. § 2511 et. seq.
[6] 6 Del. C. § 2531 et. seq.
[7] See Lamourine v. Mazda and Hertrich Family Automobile Dealerships, C.A. 05C-08-236 (Del. Super. Aug. 28, 2006) ("Ripeness Order").
[8] The Lamourines do not argue that the Superior Court erred in reducing the fee request to: (i) exclude time spent on administrative matters, and (ii) adjust for the fact that counsel could have handled the case more efficiently.
[9] Moskowitz v. Mayor and Council of Wilmington, 391 A.2d 209, 210 (Del. 1978) ("Interest is awarded in Delaware as a matter of right ... the plaintiff is entitled to recover interest ... for a period preceding the entry of judgment.")
[10] Citadel Holding Corp. v. Roven, 603 A.2d 818, 826 (Del. 1992) ("Although the trial court has some discretion in fixing the amount of interest where there has been inordinate delay caused by one of the parties, the determination of the date when payment was due is ordinarily a question of law subject to plenary review in this Court.") (internal citation omitted).
[11] Id. ("[Pre-judgment] interest is to be computed from the date payment is due.")
[12] Id. ("Where, as here, the underlying obligation to make payment arises ex contractu, we look to the contract itself to determine when interest should begin to accrue.")
[13] Red Clay Educ. Ass'n v. Board of Educ. of Red Clay Consol. School Dist., 1992 WL 14965, at *6 (Del. Ch. Jan. 16, 1992); United States v. American Ry. Exp. Co., 265 U.S. 425, 435 (1924) ("[It is] settled that the appellee may, without taking a cross-appeal, urge in support of a decree any matter appearing in the record, although his argument may involve an attack upon the reasoning of the lower court or an insistence upon matter overlooked or ignored by it.")